JAMES C. CLEMENT et al., Plaintiffs in Error, *v.* AUGUSTUS H. Evans, Defendant in Error.

ERROR TO SCOTT.

Smith, without authority from Evans the owner, contracted to sell certain land to Clement. Subsequently, Evans approved of the transaction, so far as to make a quitclaim deed of the premises to Clement, and delivered it to Smith, as an escrow, with authority to deliver the deed to Clement upon the performance of certain conditions; after this, Smith abandoned Evans' interests, and confederated with Clement to defraud Evans out of whatever interest he might have in the land.

Smith delivered the deed to Clement without the performance of the conditions on which alone both he and Clement knew it was to be delivered.

*Held,* that a court of equity would decree the cancellation of the deed under the circumstances, and also that Clement restore the possession of the property, and that he account for the rents and profits.

*Held,* also, that Clement, who had purchased an adverse title, was not bound to surrender that, and that he might lawfully acquire an adverse title. And it was further *held,* that Clement could not now claim the land, under the deed from Evans, by complying with the original contract made with Smith; that it was too late to ask specific performance of the contract, after having evaded and repudiated it.

THIS bill states, that in September, 1847, Evans was owner in fee-simple of 220 acres of land in controversy; that he stipulated verbally with Smith that he might sell the land to Clement, and that he (Evans) would execute a quitclaim deed for it, deliverable to Smith as an escrow, he to have executed by Clement a deed of trust on same lands to secure note of $1,000 to Evans, payable 1st January, 1849, as also deed of 128 acres of land in Madison county, concurrently with the delivery of quitclaim deed to Clement. Evans charges that this was the understanding with all parties.

That, on the 22d of October, 1847, he made said quitclaim deed, and on the 19th March, 1848, placed it with deed of trust to be executed by Clement, in the hands of Smith, to be executed pursuant to the foregoing arrangement. Evans says that he received $77.17 of purchase-money of Clement in St. Louis 4th November, 1848, and gave him a receipt therefor, to be applied to the $1,000; that after that time, and before the 21st of April, 1849, by fraud of Smith and Clement, the quitclaim deed was delivered to Clement without his compliance with the foregoing arrangement, and that the estimate placed upon the 220 acres of land was $1,650; that Clement has been in receipt

of rents and profits. Prayer of the bill is for reconveyance of the lands to complainant, and for an account of rents and profits, taking into account the $77.17; and in default of conveyance of lands by Clement and wife in twenty days, that master in chancery convey the same, and that if balance be against Clement for rents and profits, complainant have execution, and for such other and further general and special relief as the developments of the case shall show to be equitably due.

The decree in this suit was entered by WOODSON, Judge, at September term, 1851, of the Scott Circuit Court.

D. A. SMITH, for plaintiffs in error.

M. McCONNELL and KNAPP, for defendant in error.

CATON, J. We agree with the circuit court in the principles upon which it evidently proceeded to render its decree in this suit, but think that the most appropriate course was not pursued in granting the relief to which the complainant was indebted. Smith had made a contract with Clement for the sale of the land in question upon certain terms, evidently without authority from Evans, but relying upon his ability to induce Evans to sanction and carry it out. Subsequently, Evans did at least so far approve of the transaction, as to make a quitclaim deed of the premises to Clement, and deliver it to Smith as an escrow, with authority to deliver the deed to Clement upon the performance of certain acts on his part, which it is now unnecessary to specify. After this, Smith abandoned Evans's interests, and confederated with Clement to defraud Evans out of whatever interest he might have in the land. They at once assumed that he had no interest, and Clement took a title from another source, while, to make all sure, Smith delivered the quitclaim deed which he held as an escrow, to Clement, without the performance of the conditions upon which alone both parties knew it was to be delivered. This was a transaction for which no justification was attempted upon the argument, and from which a court of equity cannot allow Clement to derive any benefit. So thought the circuit court; but instead of simply declaring the deed which had been thus fraudulently obtained null and void, and restoring Evans to all which he had lost, or apparently lost, by reason of that fraudulent transaction, the court went further, and required Clement and wife to convey to Evans all title which they had acquired in the premises, whether from Evans by means of the fraudulent deed, or from other persons by means of other conveyances.

In this we think the court went too far; all that Evans had a right to claim was to be restored to what he had lost by the delivery of that deed. Although Clement fraudulently obtained possession of that deed, we cannot deny his right to purchase from other parties whom he might suppose to have some other and perhaps a better title than Evans. If he did acquire such title from another source, the decree compels him to transfer that title to Evans, as well as to restore that to Evans which he had fraudulently obtained. In this respect, the decree will have to be modified, so as to avoid the necessity of this conveyance, and simply restore Evans by cancelling the deed which he left with Smith, and which Smith improperly delivered to Clement.

The decree was unquestionably right in restoring Evans to the possession of the property, and compelling Clement to account for the rents and profits.

Finally, Clement insists that if he cannot hold the land under that deed, that the court should now allow him the benefit of the contract of purchase which he alleges he had made with Evans and Smith, his agent, by being now allowed to hold the land upon complying with its terms. It is too late now for him to ask for a specific performance of contract, after having evaded and repudiated it, and sought to acquire a title to the land not only from others, but from Evans himself, not under the contract, but in direct violation of it, and that too by fraudulent means. His hands are not clean enough to appear in this court and ask for a specific performance of a contract which he has thus outraged and trampled underfoot. That portion of the decree requiring Clement and wife to convey to Evans must be reversed, and the deed fraudulently obtained must be annulled, and the balance of the decree must be affirmed, and the suit remanded to the circuit court, with directions to execute the decree as modified; and each party must pay his own costs in this writ of error.

*Decree modified.*